ALTENBERND, Judge.
The Newells appeal and cross-appeal a final judgment of dissolution of marriage and several post-judgment orders. We affirm the final judgment as amended, but reverse two aspects of a post-judgment order.
A lengthy recitation of the facts surrounding this marriage and divorce is unnecessary. The parties had extensive marital assets, and the trial court handled this complex, contested matter with patience and care.
In the final judgment entered on February 23, 1990, the trial court awarded the household furnishings to the husband and awarded each party their “personal effects.” Thereafter, the parties disputed whether some items were furnishings or personal effects. The trial court entered an order on September 27, 1990, requiring the parties to submit this matter and two other matters to a special master. Neither party agreed to submit these issues to a special master. Accordingly, the trial court must itself resolve these issues. See Fla.R.Civ.P. 1.490(c).
The final judgment required the husband to transfer certain securities to the wife. The husband, however, had sold the securities after the final hearing and before the entry of the final judgment. As a result, the securities were not transferred. In the order of September 27, 1990, the trial court required the husband to pay the wife $560,763.00, as the value of the securities, plus $34,475.32, as accrued interest on that amount. We affirm that decision. In addition to that award, the trial court also continued temporary alimony through the time of the new order. From this record, it appears that the temporary alimony and the accrued interest are overlapping methods to compensate for the delay in finalizing the terms of the final judgment. Since the interest exceeds the award of temporary alimony, we reverse *1119 the award of $16,200.12 for temporary support in the September 27, 1990 order.
Affirmed in part, reversed in part and remanded.
LEHAN, A.C.J., and PARKER, J., concur.